## HARRIS, ALIAS SMITH, AND GREEN v. UNITED STATES.

ERROR AND CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 602. Argued January 7, 8, 1913.—Decided February 24, 1913.

*Hoke* v. *United States, ante,* p. 308, followed to effect that the White Slave Traffic Act of 1910 is constitutional.

*Bennett* v. *United States, ante,* p. 333, followed to effect that variances between the indictment and proof which did not prejudice defendants as to names of women transported for immoral purposes in violation of the White Slave Traffic Act, are not fatal.

The point of variance between indictment and proof relied on in this case not having been made in the trial court or Circuit Court of Appeals, comes too late when made in this court.

194 Fed. Rep. 634, affirmed.

THE facts, which involve the constitutionality and construction of the White Slave Act and the validity of an indictment and conviction thereunder, are stated in the opinion.

*Mr. Max Levy* for plaintiff in error.[1]

*Mr. Assistant Attorney General Harr* for the United States.[2]

MR. JUSTICE McKENNA delivered the opinion of the court.

Indictment under the act of June 25, 1910. It contains three counts charging defendants (we shall so call plaintiffs

[1] See abstract of argument for plaintiffs in error in *Bennett* v. *United States, ante,* p. 334.

[2] See abstract of argument for United States in *Hoke* v. *United States, ante,* p. 313.

in error and petitioners) with transporting and causing to be transported in interstate commerce certain named women, for the purpose of prostitution.

After a demurrer to the indictment was overruled and trial upon the plea of not guilty, defendants were convicted, and defendant Harris was sentenced to four years' imprisonment and defendant Green for one year, both to pay costs of prosecution, and judgment was entered accordingly. The judgment was affirmed by the Circuit Court of Appeals. 194 Fed. Rep. 634.

The question of the constitutionality of the law was raised as in the cases which we have just decided, and nothing need be added to the opinion expressed in No. 381, *Hoke* v. *United States, ante,* p. 308, and we will pass to the errors assigned.

It is contended that there is a variance between the allegations and proof, in that the women transported were named in the indictment as Nellie Stover and Stella Larkins and that the proof shows the latter's name was Estelle Bowles and the right name of Nellie Stover was Myrtie Watson. The point was not made either in the trial court or in the Court of Appeals. It comes, therefore, too late. But see, however, the opinion in No. 603, *Bennett* v. *United States, ante,* p. 333.

The next point made by defendants is that defendant Harris was entitled to an acquittal because of the insufficiency of the evidence to support a verdict of guilty. In passing on this contention the Court of Appeals reviewed the evidence and added its judgment of its sufficiency to that of the jury. We refer to the opinion of the court and concur in its comment and conclusion.

*Judgment affirmed.*