UNITED STATES v. SALEN.

(District Court, S. D. New York. June 30, 1914. On Further Motion to
Quash, July 9, 1914.) Nos. 6185, 6186.

1. PERJURY (§ 12*)—ELEMENTS—AFFIDAVIT AS TO KNOWLEDGE.

To make an importer guilty of perjury in making an affidavit that
nothing had been to his knowledge concealed or suppressed, whereby the
United States might be defrauded, it was only necessary that he should
have knowledge of some document which, if known, would have led the
United States to fix the customs duties higher than if the entry went
through at the values fixed in the consular invoice, and it was not neces-
sary that the suppression be in the entry or invoice, or that it be of a
document which would, in the usual course, come to the authorities.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 55–61; Dec. Dig.
§ 12.*]

On Further Motion to Quash.

2. PERJURY (§ 25*)—INDICTMENT—MATERIALITY OF TESTIMONY.

In common-law prosecutions for perjury, the indictment must allege
that the perjurious statement was material to the inquiry, which may be
done by a simple allegation, or by pleading the facts, from which the
court may determine its materiality.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec.
Dig. § 25.*]

3. PERJURY (§ 29*)—TRIAL—BURDEN OF PROOF.

In prosecutions for perjury, it is only necessary to plead and prove
that the alleged perjurious statement was consciously false, and it is not
necessary to plead or prove the true facts to which the false statement
referred.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 97–106; Dec.
Dig. § 29.*]

4. PERJURY (§ 11*)—ELEMENTS—MATERIALITY OF FALSE STATEMENT.

Within a statute making criminal any false statement in a customs dec-
laration as to any matter material thereto, a statement as to the absence
of any suppressed facts by which the United States might be defrauded
was material.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 38–54; Dec. Dig.
§ 11.*]

5. PERJURY (§ 26*)—INDICTMENT—SETTING FORTH FALSE STATEMENT.

While an allegation, in an indictment for perjury, that accused made a
willfully false statement without expressly indicating the false statement,
is not ordinarily sufficient, where this allegation was preceded by allega-
tions making it perfectly clear what the statement was, the indictment
was not insufficient.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 90–94; Dec.
Dig. § 26.*]

Herman A. Salen was indicted for perjury. On motions to quash
the indictment. Denied.

H. Snowden Marshall, U. S. Atty., of New York City (Frank E.
Carstarphen, Asst. U. S. Atty., of New York City, of counsel), for the
United States.

Erwin, Fried & Czaki, of New York City, for defendant.

HAND, District Judge. [1] I shall consider only the second ques-
tion raised, i. e., whether it now appears that the indictment is defective
in alleging that the defendant swore falsely in saying:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Nothing has been on my part, nor to my knowledge on the part of any other person, concealed or suppressed whereby the United States may be defrauded."

The clause must refer, I think, to information which, if known, would enable the United States to get larger duties than it would if the entry went through at the values fixed in the consular invoice. Knowledge of a suppressed invoice which in fact stated other values at the place of export, all would agree, would come within the clause. I can see no reason to limit the words to such an invoice; on the contrary, the fair meaning appears to me to include any document which, if known, would have led the United States to fix the duties at a higher figure. Of course, the United States must prove that the defendant knew that the document, if discovered, would have so resulted, and it may be hard to show that a document, designed only as the basis of sale values, would, if known, have resulted in such action by the United States. That, however, is not raised by this motion. The sole question here is whether the United States by any possibility could show that documents, like those here in question, would inevitably have set the authorities upon an inquiry which would have resulted in larger duties. If, as is suggested, it had appeared that there were, to the defendant's knowledge, continuous and parallel invoices setting out selling prices five times as great as the consular invoices, I should at once have regarded the consular invoices as fraudulent, had I been an appraiser. Were I a juror I should have no difficulty, I think in concluding that any man who knew of such invoices knew very well that they would provoke such action by the appraiser, and that their suppression, therefore, would defraud the United States of duty otherwise collectible. At least, I should ask for a very full explanation.

However, it is asserted that forms 3 and 4 show that the suppression must be in the entry or invoice. I am not prepared to assent to the proposition that, even if this were so, and the case arose under either form 3 or 4, it would not be a crime to swear to the declaration with such knowledge as is here alleged, but it is not necessary to go so far, because the phrase in forms 1 and 2 is purposely different. Under forms 1 and 2 the declarant must swear that neither he nor any one else has suppressed anything. Obviously this includes also matters which could not be included in the invoice, and refers to information which would not naturally be in the invoice. To interpose the words "in such entry or invoice" into forms 1 and 2 makes nonsense if only the declarant is to swear to it. Nor can I agree that the suppression must be of a document which would in usual course come to the authorities, as such invoices as these would not. If the declaration includes, as it does, matters extraneous to the invoice itself, it cannot be limited to other documents which usually come to the authorities, because usually no other documents do come, and the entry is made upon the consular invoice. The general purpose indeed of the declaration clearly is to search the conscience of the declarant and to require him to state all that he knows which any one is keeping from the authorities and which would result in higher duties. It would be narrow to seek to give it less than its natural scope. If a distinction is sought between failure to disclose and suppression or concealment, it is enough

for this purpose to refer to the fact that the United States here asserts that the figures corresponded between consular invoices and these documents, but that the correspondence was colorable and intended to deceive.

I am satisfied that the counts are sufficient on this point, and the motion is denied.

### On Further Motion to Quash.

[2] The objection to the indictment is that there is no allegation that the Goetz invoice was material to the "purposes of the declaration." This indictment falls within subsection 6, which makes criminal any false statement in the declaration "as to any matter material thereto." In common-law prosecutions for perjury the indictment must allege that the perjurious statement is material to the inquiry, which may be done, either by an allegation simply (Markham v. United States, 160 U. S. 325, 16 Sup. Ct. 288, 40 L. Ed. 441), or by pleading the setting from which the court may determine the materiality (Reg. v. Harvey, 8 Cox's Cr. Cases, 99, Ammerman v. United States, 185 Fed. 1, 108 C. C. A. 1).

[3] I understand the argument to be that, not only must the contents of the statement be material to the entry, but that the truth must be so likewise. It is, of course, scarcely possible that the contents of the statement should be relevant and the truth be irrelevant, but the case might be proved without showing any facts relevant to the entry, except in so far as the declarant's knowledge itself were relevant. For example, it might abundantly appear from the defendant's speech, and conduct that his statement was false, without its appearing what were the true facts to which his false statement referred, and this would be quite enough to convict him. In this district at least, we never require the United States, in prosecutions for perjury, to commit itself to the truth about the subject of the statement, but allow it to allege merely that the statement was consciously false, and prove that fact in any way it can. United States v. Freed (C. C.) 179 Fed. 236. Many things might disprove the statement which would not prove the truth about its contents at all. Under this rule the United States need have said nothing at all about the Goetz invoice, or more than that the statement was consciously false. Other proof than the invoice no doubt will be produced upon the trial to show that Salen knew that its suppression might defraud the United States, but that need not be pleaded any more than the invoice need have been.

[4] Coming, then, to the real question, that is, the materiality of the content of the statement, there can be no doubt that the absence of any suppressed facts by which the United States might be defrauded was material to the action of the authorities. It gave them added assurance of the truth of the invoice, and enabled them to assume that it was a complete statement of the truth. It may be urged that the phrase used in this statute puts it out of the usual rule relating to perjury, and imposes a further duty. I cannot see the least reason for this; the "matter material" means, I think, the subject-matter or contents of the statement, not the facts to which the statement refers. It is no more than a provision that the statement shall itself be material. I do not mean that it cannot be made grammatically to refer to both

the statement and the true facts which the statement purported to cover, but one should interpret the law according to the custom in prosecutions for perjury, and not as though it created a new crime. Nor is there the least reason for compelling the United States in this case to expose its theory of the truth or its evidence upon the assignment of perjury, which does not apply in any other case.

[5] The assignment of perjury is not formally laid till the last paragraph of the indictment. There it is alleged that the defendant made a willfully false statement. Ordinarily this would not be enough, the false statement must be expressly indicated. However, the foregoing allegations in the indictment make it perfectly clear what the statement is. Indeed, in view of the allegations regarding the Goetz invoice, though they are evidentiary in character and so argumentative, I might have held the assignment of perjury good without the last paragraph. It is not necessary to hold that, because the indictment as a whole leaves not the slightest doubt that the defendant is charged with a consciously false statement in respect of the absence of any suppression. It makes no difference just where the allegations occur; I am not disposed to chop logic where the intent is apparent.

Motion to quash denied.