### OESTING v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. July 24, 1916.)

#### No. 2712.

1. INDICTMENT AND INFORMATION ⟜196(1)—PLEA—EFFECT.

After a plea of not guilty, the only objection that can be made to the indictment in the trial court is that it fails to describe the various acts intended to be proved with that reasonable certainty which the law requires.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 628, 630; Dec. Dig. ⟜196(1).]

2. INDICTMENT AND INFORMATION ⟜196(2)—APPEAL—OBJECTIONS.

By accused's failure to demur to an indictment, or to move to quash, or in arrest of judgment after verdict, he waives his right to object in an appellate court to any matter going to the form in which the offense is stated; but he does not waive the right to raise the objection that the indictment is lacking in some essential element to constitute the offense which is charged.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 629; Dec. Dig. ⟜196(2).]

3. POST OFFICE ⟜48(4)—OFFENSES—INDICTMENT.

An indictment charging that accused, under the name of "Dr. Jordan, L. J. Jordan, Incorporated, and Jordan's Museum of Anatomy," devised a scheme and artifice to defraud, is not objectionable as charging that the scheme and artifice was conceived by the corporation, but charges that accused devised the scheme.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. ⟜48(4).]

4. POST OFFICE ⟜35—OFFENSES—FRAUD.

Under Criminal Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130 (Comp. St. 1913, § 10385), denouncing the offense of using the mails in connection with any scheme to defraud, it is not necessary that the scheme alleged appear on its face to be fraudulent; it being sufficient

that it is a scheme reasonably calculated to deceive persons of ordinary comprehension.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. ☞35.]

**5. POST OFFICE ☞48(4)—OFFENSES—INDICTMENT—SUFFICIENCY.**

An indictment charging that accused, "under the name of Dr. Jordan, L. J. Jordan, Incorporated, and Jordan's Museum of Anatomy," a California corporation devised a scheme to defraud by means of pretenses to be effected through the mails, the scheme consisting in advertisements that Dr. Jordan was a physician qualified to treat diseases of men and had cured many persons afflicted with such diseases, thus inducing persons to communicate through the mails with accused relative to supposed ailments, enabling him to obtain money for worthless treatment, regardless of their real condition, charges an offense, and cannot be held insufficient on the ground that it did not follow that accused represented that Dr. Jordan was still living, or that his quack treatments might be of benefit to hypochondriacs.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. ☞48(4).]

In Error to the District Court of the United States for the First Division of the Northern District of California; Wm. H. Sawtelle, Judge.

Paul Oesting, alias Paul Allen, was convicted under Criminal Code, § 215, of using the mails in connection with a scheme to defraud, and he brings error. Affirmed.

The plaintiff in error was sentenced upon a plea of guilty to an indictment the substance of which is as follows: That at a time and place named, under the name of Dr. Jordan, L. J. Jordan, Incorporated, and Jordan's Museum of Anatomy, a corporation organized and existing under and by virtue of the laws of the state of California, and under the guise of the said Jordan's Museum of Anatomy, the defendant devised a certain scheme or artifice to defraud, or for obtaining money by means of certain false pretenses, representations, or promises, to be effected by means of the post office establishment of the United States. The scheme was then set forth, which was in substance that the defendant should place advertisements in newspapers of general circulation, or in letters, documents, or other prints setting forth that Dr. Jordan was a physician practicing in the city and county of San Francisco, especially qualified to treat private diseases of men, enumerating the diseases, and had cured many persons afflicted with said diseases and by means of said advertisements and other prints he then and there intended to induce certain persons named, and divers other persons whose names are unknown, to communicate and open correspondence with Dr. Jordan by means of the post office establishment of the United States, relative to their real or supposed ailments; that when said persons would communicate with Dr. Jordan, whom the defendant then and there well knew was not a doctor, and did not exist, the said Dr. Jordan should write or communicate with such persons by means of letters placed in the post office, stating to them, with intent to defraud each and all of them, and without any proper knowledge of the real condition of said persons, that they were afflicted with diseases which he could cure, and that he would furnish treatments for the cure of such alleged diseases upon the payment of certain sums of money, thereby intending to induce said persons to send to him large sums of money for the purpose of procuring from him medicine and treatment for diseases which they had been induced by the defendant to believe themselves afflicted with, etc., and that he would then send to each of said persons medicine or treatment not properly designed and having no value for their cure, he having no professional knowledge of such person's condition, or whether they were diseased, or whether such medicine or treatment would benefit them. The indictment

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

234 F.—20

then proceeded to describe the acts done by the defendant in executing his scheme and artifice, by writing letters, copies of which letters are set forth. No objection of any kind was made to the indictment in the court below.

Herbert Choynski and James Raleigh Kelly, both of San Francisco, Cal., for plaintiff in error.

John W. Preston, U. S. Atty., and Annette Abbott Adams, both of San Francisco, Cal., for the United States.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The defendant in error contends that the plaintiff in error, having pleaded guilty to the indictment and having presented no objection to the indictment in the court below, cannot be heard to object to the same in this court. Many authorities are cited for and against the contention. We may accept the rule to be this: First, that after a plea of guilty the only objection that can be made to the indictment in the court of first instance is that it "fails to describe the various acts intended to be proved with that reasonable certainty which the law requires to constitute a valid indictment" (United States v. Bayaud [C. C.] 16 Fed. 376); and, second, that by the defendant's failure to demur to an indictment, or to enter a motion to quash, or a motion in arrest of judgment after verdict, he waives his right to object in an appellate court to any matter which goes to the form in which the offense is stated, but he does not waive the right to raise the objection that the indictment is lacking in some essential element to constitute the offense which is charged (Hardesty v. United States, 168 Fed. 25, 93 C. C. A. 417; Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; Holmgren v. United States, 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Harris v. United States, 227 U. S. 340, 33 Sup. Ct. 289, 57 L. Ed. 534). Pickett v. United States, 216 U. S. 456, 30 Sup. Ct. 265, 54 L. Ed. 566, cited by defendant in error, does not hold to the contrary. In ruling therein that objections to an indictment cannot be made for the first time on writ of error, the court obviously had reference to such errors in the indictment as are curable by verdict, or which may be waived by the defendant, and that distinction is sufficiently pointed out in the opinion.

[3] We find no merit in any of the objections which are made to the indictment. Some of the objections are of such a character that it is difficult to understand how they could have been intended to be taken seriously. Referring to the charge that the plaintiff in error, under the name and guise of "Dr. Jordan, L. J. Jordan, Incorporated, and Jordan Museum of Anatomy," devised a certain scheme and artifice to defraud, etc., the objection is made that the charge is equivalent to saying that a corporation conceived the scheme, and that the defendant is charged only with acting for the corporation. No such meaning can be found in the language of the charge. It distinctly alleges that the defendant acted under the guise of a corporation, and that he conceived the scheme. It would make no difference whether there was or was not such a corporation, so long as the defendant de-

vised the scheme to defraud, whether acting for the corporation or in his own behalf.

[4] But it is said that the scheme as alleged does not appear to be of a fraudulent nature, or calculated to deceive, and cases are cited to show what must be alleged in an indictment for obtaining money under false pretenses. But the rule in those cases has no application to a prosecution under section 215 of the Criminal Code. That section does not require that the scheme should be fraudulent upon its face. Rumble v. United States, 143 Fed. 772, 75 C. C. A. 30. All that is necessary is that it be a scheme reasonably calculated to deceive persons of ordinary comprehension and prudence and that the mail service of the United States be used and intended to be used in execution of the same. Rimmerman v. United States, 186 Fed. 307, 108 C. C. A. 385.

[5] It is urged that, from advertising that "Jordan was a physician," etc., it does not follow that the defendant intended to claim that Jordan still existed at the time of the advertising, but merely that he was or had been a physician prior to that time. This we may pass by as a mere quibble on words. But it is said that, even supposing that the defendant did intend to advise well people that they needed medical treatment, it does not follow that he intended to defraud, because it is well known that there is a large class of well people who are hypochondriacs, and who are benefited by medical treatment through its effect upon the mind. In answer to this fanciful suggestion, it is only necessary to point to the language of the indictment, which shows that the aim of the defendant's scheme, both by advertising and by correspondence, was to convince well people that they were ill, and that they needed treatment from the imaginary Dr. Jordan.

We find no error. The judgment is affirmed.