## BERRY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1919.)

No. 3257.

1. INDICTMENT AND INFORMATION ⬤⟹154—WAIVER OF OBJECTIONS—FAILURE TO DEMUR.

Failure to demur to the indictment waives all objections thereto, except the objection that some substantial element of the crime was omitted therefrom.

2. PERJURY ⬤⟹25(1)—INDICTMENT—MATERIALITY OF STATEMENT—MODE OF PLEADING.

The materiality of a perjured statement may be alleged in an indictment, either by an allegation of materiality or by pleading facts which show materiality.

3. PERJURY ⬤⟹25(6)—INDICTMENT—MATERIALITY OF STATEMENT—SUFFICIENCY OF ALLEGATION.

An indictment for perjury, which alleged that defendant made and filed with the register a false affidavit of work done concerning a desert land entry then pending sufficiently alleges the materiality of the false affidavit, under the statute requiring proof of the expenditure of money on improvements.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. PERJURY ⊜⇒19(2)—INDICTMENT—SUFFICIENCY—ACTION BY GOVERNMENT.

Under Criminal Code, § 125 (Comp. St. § 10295), imposing a penalty on any one who states under oath material matter which he does not believe to be true, an indictment charging perjury by making a false affidavit of proof of improvements on a desert land claim is not fatally defective for failure to charge that the affidavit was accepted and acted upon by the government.

5. PERJURY ⊜⇒26(½)—INDICTMENT—FALSITY OF STATEMENT.

An indictment charging that defendant made affidavit in support of a desert land claim that a certain sum was expended for clearing and breaking 20 acres of land, which he knew to be false, and that no clearing or breaking had been done upon the tract of land described in the affidavit, sufficiently alleged the falsity of the affidavit.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Charles Berry was convicted of perjury, and he brings error. Affirmed.

The plaintiff in error was convicted upon an indictment charging him with perjury in making an affidavit. The indictment alleges that the affidavit was made concerning a desert land entry then pending in the United States land office as the testimony of a witness in making the annual proof of improvements upon certain lands described therein, "and which said affidavit is in the words and figures following, to wit: I, Charles Berry, * * * do solemnly swear * * * there was expended for the ultimate reclamation of said land during the first year after date of entry the sum of $160, as is specifically set forth in the following items, to wit: For first clearing and breaking at $8 per acre for 20 acres in S. W. ¼ of S. W. ¼ of sec. 11, $160, * * * he, the said Charles Berry, then and there well knowing that said affidavit was wholly untrue and false, and that no clearing or breaking whatever has been done upon said tract of land described in said affidavit as aforesaid.". The indictment further charges that the affidavit was made as the testimony of a witness in making the yearly proof of improvement upon certain land described therein, and that the affiant stated: "My knowledge in regard to the existence of said improvements was obtained from personal examination, and the values thereof are reasonably stated."

Duke Stone, of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and W. Fleet Palmer, Sp. Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The plaintiff in error moved in arrest of judgment in the court below, on the ground that the indictment does not charge facts sufficient to constitute an offense against the laws of the United States. The same objection to the indictment is presented in this court, and it is now argued that facts are not set forth in the indictment to show that the evidence alleged to have been falsely given was material to the issues or the facts, or that the affidavit was received, accepted, or acted upon as the affidavit required by law, and that the indictment is fatally defective, for the reason that the affidavit states that there was expended for reclamation of said land $160 for clearing and breaking, whereas the as-

signing portion charges the falsity of the affidavit to consist in the fact that no clearing or breaking had been done.

[1-3] By failing to demur to the indictment the plaintiff in error waived all objections thereto, except the objection that some substantial element of the crime was omitted therefrom. Dunbar v. United States, 156 U. S. 185, 192, 15 Sup. Ct. 325, 39 L. Ed. 390; Boren v. United States, 144 Fed. 801, 75 C. C. A. 531; Oesting v. United States, 234 Fed. 304, 148 C. C. A. 206. The materiality of a perjured statement may be made to appear either by an allegation of its materiality (Markham v. United States, 160 U. S. 325, 16 Sup. Ct. 288, 40 L. Ed. 441), or by pleading facts which of themselves show its materiality (2 Bishop, New Crim. Proc. § 921; Ammerman v. United States, 185 Fed. 1, 108 C. C. A. 1). The materiality here appears from the facts pleaded. It is alleged that the affidavit was made and filed with the register "in and concerning a desert land entry then pending in the said United States land office." The statute required proof of the expenditure of money on necessary improvements and proof of the manner in which it was expended, and thereby made such proof material. Markham v. United States, 160 U. S. 319, 320, 16 Sup. Ct. 288, 40 L. Ed. 441; Hendricks v. United States, 223 U. S. 178, 32 Sup. Ct. 313, 56 L. Ed. 394; United States v. Smull, 236 U. S. 405, 35 Sup. Ct. 349, 59 L. Ed. 641.

[4] Nor is the indictment fatally defective, in that it contains no charge that the affidavit was accepted and acted upon by the government. Noah v. United States, 128 Fed. 270, 62 C. C. A. 618; section 125 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1111 [Comp. St. § 10295]) imposes a penalty upon any one who, "having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, * * * that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true."

[5] Nor should the indictment be held defective on the ground that the affidavit on which perjury is predicated falls short of alleging that breaking or clearing was done on the land but states only that a certain sum of money had been expended on the property for clearing and breaking. The clear intendment of the language of the affidavit is that clearing and breaking to the value stated had been done on the land, and the falsity of the affidavit is sufficiently set forth in alleging that no clearing or breaking had been done, and that the plaintiff in error knew that the affidavit was wholly untrue and false.

The judgment is affirmed.