## JACKSON v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. March 11, 1924.)

### No. 6047.

**1. Poisons ⬤⟹9—Variance between allegations and proof held immaterial.**

An indictment under Harrison Act, as amended (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), charged a sale by defendant "to one L., whose true name other than as above stated is to these grand jurors unknown." The proofs showed that a purchaser came into a drug store, stated the amount of drugs he desired, and that druggist filled in a prescription that defendant had left with the druggist, and required purchaser to sign the same name on the back of the prescription that defendant had written in the prescription. *Held*, that there was no material variance, though there was no evidence of purchaser's real name.

**2. Indictment and information ⬤⟹180—Essential element of variance between allegations and proof of name.**

As to a variance between the allegations and the proof of the name of a third person alleged in an indictment, the essential thing is that the record be such as to inform defendant of the charge against him and protect him against a second prosecution for the same offense.

**3. Criminal law ⬤⟹1167(1)—Variance must be prejudicial to warrant reversal.**

Under Rev. St. § 1025 (Comp. St. § 1691), and Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), a variance must be shown to be prejudicial to cause the reversal of a judgment.

**4. Poisons ⬤⟹9—Evidence held to show druggist knew prescriptions were unlawfully issued.**

On a trial of a physician for unlawful sale of morphine and cocaine on prescriptions which he left at a drug store to be used indiscriminately whenever drugs were desired, evidence as to the quantities called for by particular prescriptions, and as to the number of sales to the same and other purchasers at and before the dates thereof, *held* to show that the particular druggist filling such prescriptions knew they had been unlawfully issued.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Blyford B. Jackson was convicted under 19 separate counts of violating the Harrison Act, as amended, and he brings error. Reversed as to conviction under count 4, and affirmed as to the conviction under the remaining counts.

William G. Lynch, of Kansas City, Mo., for plaintiff in error.

Charles C. Madison, U. S. Atty., of Kansas City, Mo. (C. S. Walden, Asst. U. S. Atty., of Joplin, Mo., on the brief), for the United States.

Before SANBORN and KENYON, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error, a physician, hereafter called defendant, was tried under an indictment, charging in each of 19 separate counts, a violation of the Harrison Act (38 Stat. 785 [Comp. St. §§ 6287g–6287q]), as amended by sections 1006, 1007, 40 Stat. 1130 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l).

He was found guilty and sentenced under 14 of the counts. The charges made against him were the unlawful sales of derivatives of opium and of coca leaves, not in pursuance of written orders on proper forms from the purchasers, by selling and dispensing the drugs to the purchasers by means of written prescriptions issued by the defendant; the purchasers not being patients of the defendant, and the drugs not being dispensed and distributed in the course of the defendant's professional practice.

[1-3] The contentions made relating to the convictions under counts 11 to 19, inclusive, in different forms present the question whether there was a fatal variance between the allegations of the indictment and the evidence, as to the persons to whom the sales are alleged to have been made. There was evidence given under these counts on behalf of the United States tending to show that the defendant was a practicing physician at Kansas City, Mo., and that he left at a drug store in Kansas City a large number of prescriptions for morphine sulphate and cocaine hydrochloride, to be used by the druggist indiscriminately whenever an applicant for such drugs desired to procure them. The evidence tended to show that these prescriptions were left blank as to the amount of the drugs, and these amounts were filled in by the druggist according to the request of the purchasers, and that the defendant and the druggist had an arrangement, by which the druggist was to collect from the purchasers, in addition to the price charged for the drugs, an amount for the defendant, as his charge for the prescription, and that the amount was turned over to the defendant from time to time. These prescriptions were used as a cover for the sale of the drugs to drug addicts as a means of gratifying their cravings, and there is no claim that this procedure was not an unlawful sale by the defendant, under the rules announced in the decision in Jin Fuey Moy v. United States, 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. 214, although the defendant as a witness disputed some of the government's testimony given against him. The variance which he claims to exist between the allegations and the proofs arises in this way: The indictment charges in the eleventh count a sale by the defendant "to one William Long, whose true name other than as above stated is to these grand jurors unknown." Each of the counts following the eleventh charges a sale to some other person in the same language, except that a different name is alleged. The proofs on behalf of the government showed that some person came into the drug store and procured the drugs named in each of these prescriptions. The purchaser stated the amount of drugs he required, and the druggist produced one of the prescriptions that the defendant had left with the druggist, filled in the blank space on the prescription as to the amount, required the purchaser to sign the same name on the back of the prescription that the defendant had written in the prescription, and when that was done the druggist gave the purchaser the amount called for, collected the money for the drugs and the prescription, received back the prescription, and delivered the drugs to the purchaser. The druggist testified that in each of these cases he did not know who purchased the drugs, except that the purchaser wrote the same name on the back of the prescription that was upon its face. There was no evidence

offered to show the real name of these purchasers. The defendant claims that it was a variance to prove a sale to a person whose name was not proved, even if he used the name alleged in receipting for the prescription. If this was a variance, as to the name of the person described in the indictment as the purchaser, the rule is now established that as to a variance between the allegations and the proof of the name of third persons alleged in an indictment, the essential thing is that the record be such as to inform the defendant of the charge against him and to protect him against a second prosecution for the same offense. Bennett v. United States, 227 U. S. 333, 338, 33 Sup. Ct. 288, 57 L. Ed. 531; Saucedo v. United States (C. C. A.) 268 Fed. 830, 831; Alderman v. United States (C. C. A.) 279 Fed. 259, 261. In the first of these cases cited it was held that it was no material variance from an allegation in an indictment charging the defendant with inducing the interstate transportation for an unlawful purpose under the White Slave Act (Comp. St. §§ 8812–8819) of Opal Clark, that the evidence showed the woman transported was known to the defendant as Jeanette Clark and that her real name was Jeanette Laplante, and approving the decision of the Court of Appeals in Bennett v. United States, 194 Fed. 630, 632, 114 C. C. A. 402, it was held that the record was sufficient both to inform the defendant of the charge against her and to protect her against another prosecution for the same offense. Under section 1025 of the Revised Statutes (Comp. St. § 1691) and section 269 of the Judicial Code, as amended by Act Feb. 26, 1919 (40 Stat. 1181 [Comp. St. Ann. Supp. 1919, § 1246]), a variance must be shown to be prejudicial in order to cause the reversal of a judgment. Hoke v. United States, 227 U. S. 308, 324, 33 Sup. Ct. 281, 57 L. Ed. 523, 43 L. R. A. (N. S.) 906, Ann. Cas. 1913E, 905; Harris v. United States, 227 U. S. 340, 341, 33 Sup. Ct. 289, 57 L. Ed. 534; Nudelman v. United States (C. C. A.) 264 Fed. 942, 943.

In this case the indictment not only sets out the names of these purchasers, with the allegation that their true names are unknown, but it further sets forth each of the prescriptions in full, including the serial number on the prescriptions, the name and purported address of the person prescribed for. There is no claim made that the defendant was misled in his defense, and he undertook as a witness to justify in detail the giving of each prescription. The claim of a material variance cannot be sustained.

[4] The defendant also contends that the conviction under counts numbered 4, 5, 6, 9, and 10 was erroneous because the evidence was not sufficient to sustain the verdict thereunder and that requested instructions for an acquittal should have been given. The contention is that the evidence did not show that the druggists who filled the prescriptions alleged in these counts knew the prescriptions had been unlawfully issued by the defendant, to enable the recipients to procure the drugs to satisfy the cravings of their appetites. In Jin Fuey Moy v. United States, 254 U. S. 189, 193, 194, 41 Sup. Ct. 98, 65 L. Ed. 214, a conviction of a physician on a charge of an unlawful sale of morphine sulphate was sustained, because section 332 of the Criminal Code (Comp. St. § 10506) makes a principal of one who

aids or abets the commission of an act constituting an offense defined by a law of the United States, and the evidence in that case tended to show co-operation in the unlawful sale between the druggist filling the prescriptions and the physician issuing them, and it was held that a prescription issued either for the purpose of a sale to a dealer or a distribution intended to cater to the appetite or satisfy the craving of a drug addict did not protect the physician or a dealer who knowingly accepted and filled it.

There was sufficient evidence under count 6 to show knowledge by the druggist of the unlawful purpose of the prescription, as the druggist as a witness admitted that the arrangement between the defendant and himself contemplated sales to addicts indiscriminately under cover of the blank prescriptions left by defendant for that purpose. There was testimony relating to the druggist who filled the prescriptions described in counts 5, 9, and 10, tending to show many sales to these and other purchasers on similar prescriptions at and before these dates; some of the addicts obtaining the drugs almost daily in amounts of 20 grains of the morphine preparation. The prescriptions filled for the purchasers under these three counts called for 20 grains of morphine sulphate and 10 of cocaine hydrochloride, for 15 grains of morphine sulphate and 10 grains of cocaine hydrochloride, and for 20 grains of morphine sulphate. The amount of the drugs furnished on so many occasions, as compared with the ordinary doses, as described in United States v. Behrman, 258 U. S. 280, 289, 42 Sup. Ct. 303, 66 L. Ed. 619, of one-fifth of a grain of morphine, and of one-eighth to one-fourth of a grain of cocaine, was evidence of notice to the druggist that these amounts, which one of the witnesses, a physician, described as fatal if taken at one time, and which were not furnished in broken amounts, and were furnished without directions on the prescriptions, other than to be used as directed, were to be used merely to gratify the cravings of addicts. One of these prescriptions on its face showed the purchaser to have been using the drugs for three years. The evidence under the fourth count does not show any dealing by the druggist filling that prescription on any other occasion. The amount of morphine was 20 grains and of cocaine was 10 grains, but the single instance of filling such a prescription, without more, was not sufficient evidence to show the druggist's knowledge of an unauthorized prescription.

The judgment will be reversed as to the conviction under count 4, and affirmed as to the conviction under the remaining counts.