NOAH et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1904.)

No. 962.

1. PERJURY—PENSION AFFIDAVIT—INDICTMENT.

Where an indictment for perjury, consisting in false testimony contained in a pension affidavit, charged that on a certain day there was filed in the pension office, at the instance and on behalf of Frances A. Moon, her application to be placed on the pension roll as the widow of P. R. Moon, and that defendants, while such application was pending, for the purpose and with intent to deceive the pension officers, and of fraudulently obtaining the allowance of a pension to the said Frances A. Moon, did make the affidavit set out, the indictment sufficiently showed the purpose for which the affidavit was made, though by inadvertence the affidavit was entitled as though P. R. Moon was the applicant, and the name Frances A. Moon was not found therein as the surviving widow of P. R. Moon, she being named therein as Mrs. Moon.

2. SAME—ALLEGATIONS—MATERIALITY.

Where an indictment for perjury in the execution of a pension affidavit to secure a pension for a widow averred that the affidavit stated that defendants did not think the veteran was ever married until he married the applicant, who was his surviving widow; that they were married about 1889; and that affiants were both present at the wedding—it sufficiently showed that the averments of the affidavit were material.

3. SAME—USE OF EVIDENCE.

Rev. St. § 5392 [U. S. Comp. St. 1901, p. 3653], declares that every person who, having taken an oath before a competent officer, and, contrary to such oath, subscribes any material matter which he does not believe to be true, is guilty of perjury; and section 5396 [page 3655] declares that, in every indictment for perjury, it shall be sufficient to set forth the substance of the offense charged, before whom the oath was taken, averring the person to have had competent authority to administer the same, with a proper averment to falsify the matter wherein the perjury is assigned, without more. Held, that an indictment for perjury contained in a pension affidavit was not objectionable for failure to set out that the affidavit was ever used by or on behalf of the applicant for whom it was made.

In Error to the District Court of the United States for the Northern District of California.

The plaintiffs in error were convicted of perjury under an indictment which charged them with making a false oath to an affidavit which was to be used on behalf of Frances A. Moon, in aid of her application to be placed on the pension roll of the United States as the widow of one Pardy Rosson Moon, late a soldier in the military service of the United States, in the War of the Rebellion. The indictment, after stating the circumstances under which the affidavit was made, sets forth the affidavit in hæc verba. It is entitled, "In the Matter of Pension Claim No.——:—— for Pardy Rosson Moon, late of Co. F 116 Regt. Indiana Inft." Thereupon the affiants deposed as follows: "We were well acquainted with Pardy Rosson Moon during his lifetime, and had known him for 9 or 10 years. We knew him for about 10 years before he was killed. We were living in San Bernardino county, California, during all of that time. We do not think that Mr. Moon was ever married until he married the woman who is now his surviving widow, and, if he ever had been previously married, I think we would have heard of it, as we were intimately acquainted with him, and often talked together about our early lives and experiences. We also know that Mrs. Moon and her husband were never divorced, and that they lived together, and appeared to be happy together, up to the time of his death. They were married about the year 1889—in the spring of that year. We were both present at the wedding." The indictment then proceeds, in proper form, to allege that the matters contained in the

declaration were material in the premises, and that the affiants thereto took oath to the same on November 11, 1899, before a properly qualified officer named therein, and proceeds further to set up in detail the falsity of each statement contained in the affidavit. It charges that each of said affiants knew the same to be false at the time thereof, and did not believe any of said matters to be true, and that therein they committed willful and corrupt perjury. A demurrer was interposed to the indictment on the ground that it does not appear therefrom that any of the alleged false statements contained in the affidavit were material, or that they were made on behalf of the alleged application of Frances A. Moon for a pension, or that the affidavit was ever used for that purpose. The demurrer was overruled. After a verdict of guilty as charged had been returned against both the plaintiffs in error, they interposed a motion in arrest of judgment upon the grounds presented by the demurrer, which motion was also overruled. The rulings of the District Court upon the demurrer and the motion are assigned as error.

T. C. West, for plaintiffs in error.

Marshall B. Woodworth and Benjamin L. McKinley, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

We think it sufficiently appears from the indictment that the matters set forth in the affidavit were material to, and that the affidavit was made and sworn to on behalf of, the application of Frances A. Moon for a pension. It is true that in the heading to the affidavit, which was evidently a printed form, it appears that the name of the claimant for a pension was inserted as "Pardy Rosson Moon," instead of "Frances A. Moon"; but the indictment elsewhere distinctly charges that on March 18, 1897, there was filed in the Pension Office at Washington, at the instance and on behalf of Frances A. Moon, her application to be placed on the pension roll of the United States as the widow of Pardy Rosson Moon, and that the plaintiffs in error, while said application was pending, for the purpose and with the intent of deceiving the officers of the Pension Office, and "of unlawfully, improperly, and fraudulently obtaining the allowance of the said application, and the granting to her, the said Frances A. Moon, of a pension," did appear before the notary named in the indictment and make oath to the affidavit. This shows the purpose for which the affidavit was made. The fact that by inadvertence the name of Pardy Rosson Moon was inserted in the blank as the claimant, instead of that of the applicant herself, is no proof to the contrary, and it does not have the effect to controvert or lessen the effect of any of the prior averments. It is true, also, that in the affidavit the name of Frances A. Moon is not found, and that the surviving widow of Pardy Rosson Moon is therein named as "Mrs. Moon." It is argued from this that it does not appear from the affidavit that it was to be used on behalf of Frances A. Moon. But it is not necessary that the affidavit, by its terms, shall show for whose benefit it was intended to be used. It is enough if the indictment charges the fact to be that it was intended to be used in aid of the application of Frances A. Moon. In view of these considerations, the statements in the affidavit, or some of them, at least, were material—as, for instance,

the averment, "We do not think that Mr. Moon was ever married until he married the woman who is now his surviving widow," and that Pardy Rosson Moon and Mrs. Moon were married about the year 1889, and the affiants were both present at the wedding. If the plaintiffs in error were guilty, as charged in the indictment, of making a false affidavit for the purpose of deceiving the Pension Office, and fraudulently obtaining the allowance of the application of Frances A. Moon for a pension as the widow of Pardy Rosson Moon, these averments were material, as they stated that Pardy Rosson Moon married the woman "who is now his surviving widow," and that the marriage took place in the year 1889. The affidavit contains further material information, in stating that Pardy Rosson Moon and Mrs. Moon were never divorced.

It is contended further that the indictment is defective for the reason that it does not show, and it cannot be ascertained therefrom, whether the alleged false affidavit was ever used by or on behalf of Frances A. Moon in connection with her application for a pension. The answer to this is that section 5392 of the Revised Statutes [U. S. Comp. St. 1901, p. 3653], under which the indictment was drawn, does not require that, in order to predicate perjury upon its violation, the false affidavit shall have been filed or used. It is enough if it appear from the indictment that it was made with the intention and under the circumstances set forth in the statute. Section 5396 [page 3655] specifies the allegations which are essential to an indictment for perjury. Tested by those statutes, the indictment is clearly sufficient. United States v. Volz, 14 Blatchf. 15, Fed. Cas. No. 16,627; State v. Lloyd, 77 Wis. 630, 46 N. W. 898; State v. Whittemore, 50 N. H. 245, 9 Am. Rep. 196; State v. Geer, 46 Kan. 529, 26 Pac. 1027.

We find no error in the rulings of the District Court. The judgment will be affirmed.