## WHITESIDE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1919.)

### No. 3263.

1. PERJURY ⊜⇒9(2)—FALSE AFFIDAVIT TO SELECTIVE SERVICE QUESTIONNAIRE —AUTHORIZATION OF OATH.

Under Selective Service Regulations 1917, §§ 91, 94, 95, a registrant who swore to the affidavit verifying his questionnaire, which falsely stated that he had a wife dependent on him for support, committed perjury, despite his claim that there is no statute authorizing such an oath, and no authorization by the regulations.

2. PERJURY ⊜⇒19(2)—INDICTMENT—IDENTITY OF PERSON CHARGED.

Indictment for perjury by having sworn falsely that defendant, a registrant under the Selective Service Act (Comp. St. 1918, § 2044a et seq.), had a wife dependent on him for support, held sufficient in its charge that defendant was the person who subscribed and took the affidavit.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

William Lloyd Whiteside was convicted of perjury by making a false affidavit, under the selective service draft, that he had a wife dependent on him for support, and brings error. Affirmed.

George D. Collins, Jr., of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and Chauncey F. Tramutolo, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Whiteside was indicted for having violated the perjury statute of the United States. Section 125 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1111 [Comp. St. § 10295]). As the statute has been quoted in our opinion in Hardwick v. United States, 257 Fed. 505, —— C. C. A. ——, it need not be set forth in full.

It is charged that on January 7, 1918, at San Francisco, Cal., defendant, who had been duly registered under Act May 18, 1917, c. 15, 40 Stat. 76 (Comp. St. 1918, § 2044a et seq.), entitled "An act to authorize the President to increase temporarily the military establishment of the United States," was subject to military service, the serial number of the registration card of the defendant having been drawn at Washington, D. C.; that defendant on the day mentioned filed with the local board for division No. 10, San Francisco, in support of a claim for exemption and discharge from selective draft and with the intent of deceiving the officers of the local board and fraudulently endeavoring to obtain allowance of his application for exemption on the ground that he had a wife dependent upon his labor for support, a certain affidavit; that the affidavit was subscribed and sworn to before William Klein, associate member of the legal advisory board of San Francisco, an officer authorized by law to administer oaths, and that the said William Klein, as such associate member, administered the oath to de-

fendant; that it was material and necessary to set forth whether defendant had any person dependent upon his labor for support, and that defendant, having taken the oath to testify truly as to all matters referred to in the affidavit, did willfully, feloniously, and falsely, knowingly and contrary to the oath, state in substance and effect that he did have a wife, named Gertie J. Whiteside, dependent upon his labor for support, whereas, in truth and in fact, defendant at that time and place then and there well knew that the said Gertie J. Whiteside was not then his wife, and was not dependent upon the labor of defendant for support; and that said false statement was and is a material matter and a material part of the affidavit. No question of the sufficiency of the indictment was raised in the District Court.

Defendant was tried before a jury, convicted, and sentenced to prison. By writ of error he presents the question whether the indictment charges perjury.

[1] The point that there is no statute authorizing the oath referred to in the indictment and no authorization by the Selective Service Regulations is, in part, covered by what we have said in the case of Hardwick v. United States, 257 Fed. 505, —— C. C. A. ——. That an affidavit was required from the registrant, who claimed exemption or discharge, cannot be well disputed. The registrant was obliged to file a questionnaire, of which the affidavit was an integral part. The regulations are that the questionnaire—

"shall also contain, as an integral part thereof, affidavits in support of claims for exemption or deferred classification in certain cases hereinafter specified." Sections 91, 94, and 95, Selective Service Regulations 1917.

[2] It is said that it does not appear who subscribed to the affidavit taken by the defendant. But it is alleged that the affidavit was subscribed and sworn to, and that the associate member of the legal advisory board administered the oath to the defendant, and that in the affidavit hereinbefore referred to defendant, having taken the oath to testify to matters referred to in the affidavit, falsely and knowingly stated, in effect, that he had a wife who was dependent upon his labor for support. This makes it perfectly clear that the defendant was the person charged with having subscribed and taken the affidavit.

We are satisfied that the defendant was legally charged with perjury and that the judgment against him cannot be disturbed. Noah v. United States, 128 Fed. 270, 62 C. C. A. 618.

Affirmed.