## UNITED STATES *v.* NOVECK.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 395. Argued January 5, 1927.—Decided January 24, 1927.

Section 253 of the Revenue Act of 1918 (*id.* Rev. Act of 1921) by
making it an offense wilfully to attempt in any manner to defeat or

evade an income tax, did not repeal the general perjury statute (Crim. Code § 125) as applied to income tax returns.   P. 206.
Reversed.

ERROR to. a judgment of the District Court sustaining a motion in arrest and vacating a sentence for perjury. See also 271 U. S. 201.

*Assistant Attorney General Willebrandt,* with whom *Solicitor General Mitchell* and *Mr. Sewall Key,* Attorney in the Department of Justice, were on the brief, for the United States.

*Mr. Ben A. Matthews* for the defendant in error.

Perjury is one method—perhaps the most obvious—of defeating or evading the tax.

The language of the earlier revenue statutes is significant. They condemn one method of defeating or evading the tax, namely, the delivery or disclosure to the collector of any false or fraudulent return. The Act of 1918, extended the prohibition to " any manner " of defeating or evading the tax, clearly intending to embrace all methods.

The fact that Congress, in subsequent acts (Act of 1924, c. 234, 43 Stat. 253, § 1017; Act of 1926, c. 27, 44 Stat. 9, § 1114), while including § 253 (in sub-division [b]), has, in an additional and closely associated provision (sub-division [c]), grouped " preparation " and " presentation " of the return in the disjunctive shows that Congress has not at all times had in mind the strict distinction, for which the Government argues, between the making and the filing of a return.

The determining factor as to whether § 253 repeals *pro tanto* § 125 of the Criminal Code, is whether the perjury here charged amounted to an attempt to defeat or evade the tax.  The very history of the law against evasions or attempted evasions cited by the Government indicates that even false entries were so regarded by Congress.   Act of 1909, § 35.

This case would, therefore, seem to fall within the doctrine laid down in *United States* v. *Tynen,* 11 Wall. 88; *United States* v. *Yuginovich,* 256 U. S. 450; and *Grogan* v. *Walker & Son,* 259 U. S. 80. Distinguishing *Morgan* v. *Devine,* 237 U. S. 632; *Steinberg* v. *United States,* 14 Fed. (2d) 564. The authorities upon which the court relied are almost entirely concerned with perjury at common law. The making of a false affidavit is perjury at common law only when it is made in a judicial proceeding or court of justice. No such restriction is imposed by § 125, which may be said, for convenience of phraseology, to create the crime of false swearing as distinguished from the narrower one of common law perjury.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Noveck was indicted in two counts under § 125 of the Criminal Code, in the federal court for southern New York, for perjury in making returns for the purpose of taxation.[1] To the first count he pleaded the statute of limitations. The District Court sustained the plea; and its judgment was affirmed in *United States* v. *Noveck,* 271 U. S. 201. To the second count he filed both a demurrer and a motion to quash on the ground that it did not state facts sufficient to constitute an offense. The objection was overruled. Thereupon, Noveck pleaded guilty. He

---

[1] Section 125: " Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, shall willfully and contrary to such oath state or subscribe any material matter which he does not believe to be true, is guilty of perjury, and shall be fined not more than two thousand dollars and imprisoned not more than five years."

was sentenced to a fine of $2,000 and to imprisonment for four months. He paid the fine and was taken into custody.

While Noveck was still in prison, the United States Circuit Court of Appeals for the Second Circuit held in *Steinberg* v. *United States,* an unreported opinion, that § 125 of the Criminal Code had been repealed, so far as concerns perjury on tax returns, by § 253 of the Revenue Act of 1921, c. 136, 42 Stat. 227, 268, which makes it an offense willfully to attempt in any manner to defeat or evade a tax.[2] The term of the District Court at which Noveck was sentenced not having ended, he moved immediately to vacate the sentence. The motion was granted; a motion in arrest of judgment was sustained; and the court allowed this writ of error under the Criminal Appeals Act, March 2, 1907, c. 2564, 34 Stat. 1246. After the docketing of the case in this Court, the Court of Appeals withdrew its unreported opinion in the *Steinberg* case and, reversing itself, held that the Revenue Act of 1921 did not repeal § 125 of the Criminal Code as applied to perjury on tax returns, 14 F. (2d) 564. The Government, deeming it impossible to reinstate Noveck's

---

[2] Section 253 provides: " That any individual, corporation, or partnership required under this title to pay or collect any tax, to make a return or to supply information, who fails to pay or collect such tax, to make such return, or to supply such information at the time or times required under this title, shall be liable to a penalty of not more than $1,000. Any individual, corporation, or partnership, or any officer or employee of any corporation or member or employee of a partnership, who willfully refuses to pay or collect such tax, to make such return, or to supply such information at the time or times required under this title, or who willfully attempts in any manner to defeat or evade the tax imposed by this title, shall be guilty of a misdemeanor and shall be fined not more than $10,000 or imprisoned for not more than one year, or both, together with the costs of prosecution." The wording follows exactly that of § 253 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1085, under which Noveck made the return in question.

sentence by any proceeding in the District Court, continues to prosecute the writ of error. Compare *Keyser v. Farr,* 105 U. S. 265.

The jurisdiction of this Court is conceded. The sole question requiring discussion is whether § 253 of the Revenue Act of 1918 (re-enacted as § 253 of the Revenue Act of 1921) repeals, as to false tax returns, § 125 of the Criminal Code. There was confessedly no express repeal; and it is clear that the two sections are not inconsistent. Noveck's contention is that a repeal was effected, because Congress manifested the intention of supplanting the provision of the Criminal Code, in so far as it relates to perjury in income tax returns, by embodying in the Revenue Act all provisions dealing with the various methods of defeating or evading taxes therein imposed. The argument is that § 253 of the Revenue Act includes within its condemnation anyone " who willfully attempts in any manner to defeat or evade the tax imposed by this title;" that perjury to an income tax return is one manner or method of defeating or evading the tax; and that, since all methods are made punishable under § 253, Congress must have intended that perjury in making false returns should no longer be punishable under § 125.

The conclusion stated does not follow. The offenses defined in the two statutes are not identical. They are entirely distinct in point of law, even when they arise out of the same transaction or act. Each involves an element not found in the other. Compare *Morgan v. Devine,* 237 U. S. 632. The crime of perjury is complete when the oath is taken with the necessary intent, although the false affidavit is never used. *Noah* v. *United States,* 128 Fed. 270; *Berry* v. *United States,* 259 Fed. 203. Compare *United States* v. *Rhodes,* 30 Fed. 431, 433. The making of a false affidavit, without presentation thereof, does not constitute an attempt to evade the tax law. See *United States* v. *Rachmil,* 270 Fed. 869, 871. The crime of at-

tempting to defeat or evade the Revenue Law may be committed without verification of a false tax return. *Emmich* v. *United States,* 298 Fed. 5, 10. Congress, having power to make both the false swearing and the use of the false affidavit punishable, *Albrecht* v. *United States, ante,* p. 1, did so. Compare *United States* v. *Rabinowich,* 238 U. S. 78; *Kennedy* v. *United States,* 265 U. S. 344. The fact that perjury is a felony, while filing a false return is only a misdemeanor, presented no obstacle. Compare *United States* v. *Lawrence,* 26 Fed. Cas. No. 15,572. There is nothing in the history of the revenue legislation which should lead us to a different conclusion. Our decision is in accord with the view taken by those circuit courts of appeals which have dealt with the question. *Levin* v. *United States,* 5 F. (2d) 598, 600; *Steinberg* v. *United States,* 14 F. (2d) 564.

*Reversed.*