## O'BRIEN v. UNITED STATES.
### No. 4532.

Circuit Court of Appeals, Seventh Circuit.
June 29, 1931.

Rehearing Denied July 25, 1931.

ALSCHULER, Circuit Judge, dissenting in part.

James A. O'Callaghan, of Chicago, Ill., for appellant.

George E. Q. Johnson, Jacob I. Grossman, and Dwight H. Green, all of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

Appellant contended that the evidence fails to show that he willfully failed to file income tax returns for the three years under consideration. Although admitting that his income was such as to necessitate the filing of income tax returns, he offered as his explanation for not doing so his belief that because he was a member of the Illinois State Legislature, he was not required to pay an income tax, nor was he under any duty of making an income tax return. Appellant having so testified, his counsel argues that his failure to file his return must be accepted as not having been willful.

Appellant cites as a further attenuative circumstance, the fact that a large portion of · his gross income came from the Sanitary Drainage District of Chicago for work done pursuant to contracts with this District, and that the profits derived from such source were not subject to a federal income tax. No such position was taken in the court below, and we may well ignore it, upon the further ground that appellant's income, for each of these years, aside from the revenue derived from the Drainage District, exceeded the sum of $5,000, and he was, therefore, required to make and file income tax returns thereon.

■ The narrow question which we are called upon to decide, therefore, is whether the evidence was such as to require its submission to a jury. In other words, could the jury, upon the evidence before it, have found that appellant's failure to file his income tax returns was willful? In a sense the question is one of credibility. Was the court, upon the motion to dismiss, required to accept appellant's statement that he believed himself to be immune from federal income tax because he was a State Representative? His statement without explanation hardly seems reasonable, though perhaps possible. The duty of weighing his explanation, and accepting or rejecting it, was, we think, for the jury. This conclusion is strengthened by other facts which throw some light upon the soundness and rationality of the proffered explanation.

Appellant was a contractor having a substantial business. For a decade, he had represented a district in Chicago in the Illinois State Legislature. His gross income for the three years was nearly a half million dollars. He received over $100,000 a year from the Sanitary Drainage District. He bought and sold stocks and bonds, from which source alone his income exceeded $5,000 in one year. On the other hand, he is pictured by his counsel as a somewhat illiterate, untutored individual with little or no knowledge of the complicated federal income tax laws. There was, however, evidence received which tended to refute his inexperience in and unfamiliarity with business in its various phases.

His very large dealings with the Drainage District, while as a legislator he was voting appropriations to that body, his practice of dividing his bills against the drainage district so that none would exceed $500 in amount, thereby avoiding the statutory requirement that such contracts be awarded the lowest bidder, strongly suggest he was no neophyte in mixing politics and business. We think the jury might, without being unduly incredulous, have rejected his asserted naiveté as specious.

From our study of the testimony, we are satisfied that the court rightfully submitted this question of willfulness to the jury.

■ *Refusal to Grant a Continuance.*—Error is assigned because the court refused to continue his case. He was indicted March 4, 1930, and trial began December 9 of the same year. His first application for a continuance was for the purpose of enabling him to present his tax case to the appropriate division of the Bureau of Internal Revenue and, if necessary, to the United States Board of Tax Appeals.

Obviously this application was properly denied for his belated action in seeking to adjust his unpaid taxes with the Government had nothing to do with the prosecution of the criminal action.

■ A few days later when his case was called for trial, he again asked for a continuance, and as grounds therefor asserted his inability to complete his examination of the books of the Sanitary Drainage District to ascertain what sums had been paid him, stating that the Sanitary District's books had been turned over to the United States Government, and that he was pursuing this inquiry at the time the case was called for trial. There was no showing made that other records were not available, or that he had been diligent in examining the books in the Government's possession. Moreover, it did not

appear that he was ignorant of the amounts he had received from the Sanitary District. His protestations that he could not proceed to trial until he had completed his examination of these books in order that he might know the amounts that had been paid to him by the Sanitary District are not impressive of a good faith application for a continuance. The court properly refused to continue the case.

■ Appellant also complains because the prosecuting attorney, on cross-examination, inquired about certain bills, which indicated their preparation and presentation to the Sanitary District before the work was actually performed. It is argued that the accused was prejudiced by a showing of conduct on his part which pointed to the commission of some other offense or improper practices, which had nothing to do with the federal offenses for which he was on trial.

The court ruled, and we think properly, "The Government has the right to inquire whether the work done thereafter was more or less. If it was more, the income would be increased accordingly; if it was less, of course the income would be reduced accordingly. Of course, these bills all show it themselves whether they are in advance. I would not take much time on this." Apparently, no one at the time this evidence was received considered it other than for the legitimate purpose for which it was admissible. No request was made to limit its scope or to strike it out. Its reception would have been non-prejudicial, if erroneous.

■■ *Double Punishment for the Same Offense.*—Appellant argues that a count which charged appellant with having willfully failed to file a return for 1926 is the same as one charging him with having willfully attempted to evade and defeat the tax for 1926. With this position we cannot agree. Blockburger v. U. S., 50 F.(2d) 795, decided by this court June 11, 1931. U. S. v. Noveck, 273 U. S. 202, 47 S. Ct. 341, 71 L. Ed. 610. Congress may punish separately each step leading to the consummation of a transaction, which it has the power to prohibit, and also to punish the completed transaction. Albrecht v. U. S., 273 U. S. 1, 11, 47 S. Ct. 250, 71 L. Ed. 505.

■ The offense of willful failure to file an income tax return is not the same as a willful attempt to evade and defeat an income tax. If the two counts of an indictment are identical, element for element, in necessary allegation and proof, then the two charges are for the same offense. Stone v. U. S., 167 U. S. 178, 185, 17 S. Ct. 778, 42 L. Ed. 127; Ryan v. U. S. (C. C. A.) 216 F. 13, 37. But it is not the presence of a common act or acts condemned by two criminal statutes, but the presence in one of an element absent in the other, that determines whether the two indictments define the same offense. A prosecution for a willful failure to file a return might be maintained although there was in fact no tax due. There could, however, be no such prosecution for a willful attempt to evade or defeat a tax unless there was some tax due from the taxpayer. Moreover, there could be a successful prosecution for a willful attempt to evade a tax even though the accused filed his return.

■ Appellant likewise argues that inasmuch as no statute makes it a crime to defeat or evade a tax, there can be no punishment for an attempt to commit something which is not a crime. Again counsel's error is traceable to the fact that he fails to recognize the right of Congress to punish separately each step leading to the consummation of a transaction concerning which it has the power to legislate. To illustrate, Congress may enact income tax legislation to raise a part of its necessary revenue. It may provide the machinery for determining and collecting such taxes. In furtherance of such legislation and to insure the full performance of the duties imposed upon its citizens, it may punish those who fail to comply with its requirements. Inasmuch as all crimes against the United States are traceable to acts of Congress, that body may determine what acts hindering the process of collection of income taxes shall be condemned and punished. A violation of any step of the transaction leading to the collection of such tax may be punished. Unquestionably, Congress could have made it a criminal offense for a taxpayer to defeat or evade a tax. Not having done so, however, it was still within its power to punish a willful attempt to evade or defeat a tax.

There was doubtless a good reason why Congress did not make it a criminal offense to defeat or evade a tax. For the moment it discovered that a tax had been evaded, it could proceed to collect it, and thereafter, there would be no defeat or evasion of such tax.

But the taxpayer who willfully attempts to evade the tax might well, in the opinion of Congress, be subjected to a criminal prosecution regardless of the outcome of his attempt.

Another of appellant's contentions is that the crime charged in the indictment is a willful attempt to defeat and evade an income tax while the proof showed not merely an attempt, but the successful consummation of the attempt. It is argued that the word "attempt" as used in the statute means a frustrated effort, and that one whose efforts are successful does not commit the crime charged.

While there is a well-recognized difference between the meaning of the two verbs "attempt" and "attain," as well as the corresponding nouns, "attempt" and "attainment," there is no justification for restricting the usual meaning of the word "attempt" and limiting it to that which is usually described by the words "unsuccessful attempt." In short, attempts cover both successful and unsuccessful endeavors or efforts. A rational construction of the language of the statute, considering its aims and purposes, requires us to hold that a willful attempt to evade or defeat an income tax includes successful, as well as futile endeavors.

The argument is also advanced that the statute upon which the indictment is predicated applies only to "any person required under this Title to collect, account for and pay over any tax imposed by this Title," and appellant not being of this class was not included.

The use of the words, "and any person," describing the second class of offenders, makes it impossible for us to construe the statute as appellant contends. Had Congress used the word "or" in place of the words "and any person," the argument that only offenders required under the law to collect, account for, and pay over a tax, were included, would be most persuasive. It seems to us that the rational construction of the entire section calls for the inclusion of any person required to collect, account for, and pay over a tax and also any person who willfully attempts in any manner to evade or defeat any tax. The second class included appellant.

It is finally argued that the evidence fails to establish the commission of the crime charged in these three counts in the indictment. We will not review or discuss the evidence. A jury question, we think, was fairly presented. We think there were facts shown which persuasively indicated and compellingly pointed to appellant's intentional violation of the law.

Appellant's argument is based largely upon the proposition that one would not be so blundering and so artless as to fail to make a proper income return when the evidence of his misconduct was so readily available, were it not for his belief that his entire income was not taxable because he was a state legislator. The convincingness of this contention, however, was for the jury to weigh rather than for the court to accept, without reservations. This argument merited consideration by the jury. That body might, however, have explained it, not on the theory of innocence, but in the light of all other facts, as a manifestation of the nonunderstandable boldness of that small class of citizens, who willfully violate the criminal statutes. Doubtless, the purpose which actuates the wrongdoer, as well as the boldness which characterizes his actions, will always challenge the wonder of the law abiding citizen. Whatever be the motive—avarice, the desire to possess, or a stunted or a blunted conscience—it is seemingly beyond the understanding of the law abiding. But in each case the trier of fact is required to weigh the argument to the effect that the accused would not expose himself to contumely and imprisonment against the facts which are irreconcilable with his protestations of innocence.

We think the case was properly submitted to the jury on all counts.

The judgment is affirmed.

ALSCHULER, Circuit Judge (dissenting in part).

Counts 1, 3, and 5 are based on what is now paragraph (a), and counts 2, 4, and 6 on paragraph (b), of section 2146, tit. 26, U. S. C. (26 USCA § 2146, pars. a and b),[1] which are identical with the previous acts in force during the first two years of the period

[1] "(a) Any person required under this title to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this title, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

"(b) Any person required under this title to collect, account for, and pay over any tax imposed by this title, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

covered by the indictment. In each and all of the counts the only conduct of the defendant charged as constituting the offense is his willful failure to make a return for his income tax.

I cannot bring myself to believe that it was the intent of Congress by paragraph (a) to constitute the willful failure (1) to pay, (2) to make return, (3) to keep records, or (4) to supply information, misdemeanors subject to the prescribed penalties, and then by paragraph (b) to make the very same failures, without the remotest additional element, felonies subject to the larger penalties as therein specified.

The conduct of this defendant out of which both the misdemeanor and the alleged felony grow consists wholly in the single act or omission or failure to make his income tax returns for the several years. This failure in order to be criminal must have been "willful," and if willful it must have been with the unlawful intent of thereby in some way defrauding the Government in its tax. Thus the willful omission and its criminal purpose would have to be the same under both paragraphs (a) and (b) if (b) applies.

It would follow that Congress passed legislation classifying as a misdemeanor the failure to file an income tax return with the purpose of thereby defrauding the Government, and at the same time classing as a felony the willful failure to file an income tax return with a purpose of intending thereby to evade or defeat the tax. As applying to the circumstances of this case I fail to see the difference, although I assume there must be some difference if it may be concluded that Congress intended that two convictions might be hung upon this single willful omission of duty.

To my mind there is here no occasion for confusion of the meaning and application of (a) and (b) as applied to such cases. (a) provides only for the penalization of the four willful *omissions* therein specified; (b) applies only to willful *attempts* to evade, etc. The distinction between the two paragraphs as applied to such a case, as I read them, is found in the "omissions" specified in the one and "attempts" in the other. Plainly this legislation contemplates that *attempt* includes something which mere *failure* or *omission* does not. That something in my judgment is some affirmative act. Conduct which is wholly and only an omission as defined in (a) falls short of being an *attempt* as defined in (b). Thus while there is here present in the indictment and in the proof the willful *omission* of (a), there is entirely wanting the affirmative act to constitute the *attempt* which in my judgment is of the gist of (b). If paragraph (a) made the willful failure to make return a misdemeanor, it is hardly conceivable that Congress intended to make the very same willful failure to make the return a felony.

Had therefore anything been charged and proved under (b) by way of an affirmative act of any kind, apart from and beyond the mere omission or failure to do the things, or one of them, specified in (a), a transgression of (b) might appear; but, in the entire absence of anything of this nature, I am satisfied that counts 2, 4, and 6 do not charge offenses under (b), and, if they did, there was no proof to sustain them.

It is the same fact with reference to (b) that it is to (a). Charging it as an *attempt* to evade does not serve to change it from the passive omission, classified in (a) as a misdemeanor, into a willful *attempt* which under (b) would constitute a felony.

The figure of speech based upon the penalization of the various "steps" of an offense to my mind is wholly without application here. The willful failure to file is just that and nothing else. It is complete in itself and has no fanciful "steps." Besides, (b) penalizes the *attempt*, not a "step" leading to an attempt.

There is some reasoning in United States v. Noveck, 273 U. S. 202, 47 S. Ct. 341, 342, 71 L. Ed. 610, which, while not in a parallel case, to my mind has a distinct bearing. There was under consideration the question whether the statute such as (b), penalizing an attempt to evade the tax law, was identical with another statute directed against the making of false returns and perjured affidavits thereto. The court said: "The offenses defined in the two statutes are not identical. They are entirely distinct in point of law, even when they arise out of the same transaction or act. Each involves an element not found in the other. Compare Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153. The crime of perjury is complete when the oath is taken with the necessary intent, although the false affidavit is never used. Noah v. United States (C. C. A.) 128 F. 270; Berry v. United States (C. C. A.) 259 F. 203. Compare United States v. Rhodes (C. C.) 30 F. 431, 433. *The making of a false affidavit, without presentation thereof, does not constitute an attempt to evade the tax law.* [Italics mine.] See United States v. Rachmil (D. C.) 270 F. 869, 871. The

crime of attempting to defeat or evade the Revenue Law may be committed without verification of a false tax return."

In the Rachmil Case, there referred to, there is a statement that the preparation of a fraudulent income tax return and the fraudulent signing and acknowledgment of it, while subject to penalty under other statutes, "fall short of an *attempt* to violate the taxing statute," referring to the Act of February 24, 1919 (40 Stat. 1057), penalizing an attempt willfully to defeat and evade the income tax.

It occurs to me that the fraudulent preparation of such an affidavit, and the subscribing to and verifying it, would be a most decided "step" in an attempt willfully to evade the tax, and yet the courts there said that, while violative of other statutes, it would not violate the statute directed against the attempt willfully to evade. And so the inquiry occurs to me that if the preparing, signing, and swearing to a fraudulent income tax return, with the very purpose of defrauding the Government, does not violate the statute against attempts to evade, how much less is such a statute evaded where the defendant, as here, does simply nothing? If the reasoning of the courts in those cases is sound, and neither the willful preparation of nor false swearing to the return constituted an "attempt" unless and until the return was actually presented or filed, how is this defendant chargeable with the "attempt" of paragraph (b) if he not only did not file any return, but did not even take the "steps" of preparing false returns and of perjuring himself by swearing to them? To my mind mere willful failure to make an income tax return does not transgress paragraph (b).

I believe that as to counts 2, 4, and 6 the judgment should be reversed and the cause remanded with direction to dismiss those counts; and that as to counts 1, 3, and 5 the judgment imposing fines and concurrent sentences in the Cook county, Ill., jail should be affirmed.