## UNITED STATES v. HARRIS.

### No. 13816-Y.

District Court, S. D. California, Central Division.

Feb. 21, 1939.

Ben Harrison, U. S. Atty., and Ralph Lazarus, Asst. U. S. Atty., both of Los Angeles, Cal.

John S. Cooper, of Los Angeles, Cal., for defendant.

857, 4 L.R.A. 845: "The law does not permit a single individual act to be divided, so as to make out of it two distinct, indictable offenses. Drake v. State, 60 Ala. [42], 43. Although, when a man has done a criminal act, the prosecutor may carve as large an offense out of the transaction as he can. Yet he is not at liberty to cut but once."

Behind these principles is the fundamental thought that the prosecutor should not split one crime and prosecute it in parts. People v. McDaniels, 1902, 137 Cal. 192, 69 P. 1006, 59 L.R.A. 578, 92 Am.St.Rep. 81; People v. Preciado, 1916, 31 Cal.App. 519, 160 P. 1090; Rosenthal v. United States, 9 Cir. 1921, 276 F. 714.

■ Upon a verdict or plea of guilty, when different counts charge the same offense in a different manner, so as to avoid variance, or different degrees of the same offense, there can be but one sentence. Ex parte Farlow, D.C.Ga. 1921, 272 F. 910; United States v. Mazzochi, 2 Cir. 1935, 75 F.2d 497. However, when a statute denounces two different acts, conviction may be had under both, and two sentences imposed, despite the fact that one transaction only is involved. Massey v. United States, 8 Cir. 1922, 281 F. 293; Bell v. United States, 5 Cir. 1923, 285 F. 145; Singer v. United States, 3 Cir. 1923, 288 F. 695; Page v. United States, 9 Cir. 1922, 278 F. 41; Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153.

To illustrate, in Parmagini v. United States, 9 Cir. 1930, 42 F.2d 721, the Circuit Court of Appeals for the Ninth Circuit dealt with an indictment charging violations of the Harrison Narcotic Act (26 U.S.C.A. § 692, now 26 U.S.C.A. § 1043) and the Jones-Miller Act (21 U.S. C.A. § 174).

It held that, although a single transaction was involved, it could be punished as a violation of both statutes. The court said: "Under this law concealment and sale are distinct offenses, and therefore each act is punishable, although both occur in connection *with a single transaction*. See, on this subject, Gavieres v. U. S., 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Roark v. U. S. (C.C.A.) 17 F.2d 570, 51 A.L.R. 870; Albrecht v. U. S., 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505. The count which states that the defendant sold morphine and concealed morphine states two distinct offenses whether the

YANKWICH, District Judge (after stating facts as above).

I felt when the motion was first urged yesterday that the question raised was immaterial, so far as the result in this particular case is concerned. For, assuming the contention to be correct, and applicable to this situation, in view of the fact that the two sentences have been ordered to run concurrently, the defendant cannot be harmed by the fact that he was sentenced on both counts.

However, the possible effect of the two sentences on the parole of the defendant has led me to study the legal aspects of the problem.

Such study convinces me that the sentences were correct.

■ When a statute denounces a series of acts or the doing of several things, but attaches one penalty only to them, the prosecutor, if he chooses less than all, and is unsuccessful, cannot then prosecute again under the portions of the statute which he chose to omit.

■ Again, if several acts are committed, at one time, such as libel, embezzlement, perjury, and the prosecutor chooses one specific libelous statement in the article, or one specific act of embezzlement, or perjury, he cannot, after being unsuccessful, prosecute anew. As said in People v. Stephens, 1889, 79 Cal. 428, 21 P. 856,

790

charge of selling is under the Jones-Miller Act (21 U.S.C.A. § 174) or under the Harrison Narcotic Law (26 U.S.C.A. § 692 [now 26 U.S.C.A. § 1043]). Therefore, consecutive sentences of five years for selling morphine and ten years for concealing morphine illegally imported were proper and in the discretion of the trial court might be made to run consecutively." Parmagini v. U. S., 9 Cir., 42 F.2d 721, 724, 725. (Italics added)

O'Brien v. United States, 7 Cir. 1931, 51 F.2d 193, 196, declares the same principle as to offenses relating to the evasion of income taxes. The majority of the court said: "Appellant argues that a count which charged appellant with having willfully failed to file a return for 1926 is the same as one charging him with having willfully attempted to evade and defeat the tax for 1926. With this position we cannot agree. Blockburger v. U. S., 50 F.2d 795, decided by this court June 11, 1931; U. S. v. Noveck, 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610. Congress may punish separately each step leading to the consummation of a transaction, which it has the power to prohibit, and also to punish the completed transaction. Albrecht v. U. S., 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505."

The two cases decided by the Supreme Court which are cited in the opinion, are among the leading ones on the subject. In Albrecht v. United States, 1927, 273 U.S. 1, 47 S.Ct. 250, 253, 71 L.Ed. 505, the Court held that a person could be prosecuted for possession and sale of intoxicating liquor and that such prosecution did not amount to double punishment, although they concerned a single transaction. Mr. Justice Brandeis, writing for the court, said: "There is a claim of violation of the Fifth Amendment [Const.U.S.C.A.] by the imposition of double punishment. This contention rests upon the following facts. Of the nine counts in the information four charged illegal possession of liquor, four illegal sale and one maintaining a common nuisance. The contention is that there was double punishment because the liquor which the defendants were convicted for having sold is the same that they were convicted for having possessed. But possessing and selling are distinct offenses. One may obviously possess without selling, and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and

later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction. The precise question does not appear to have been discussed in either this or a lower federal court in connection with the National Prohibition Act [27 U.S.C.A. § 1 et seq.]; but the general principle is well established. Compare Burton v. United States, 202 U.S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L. Ed. 1153." Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505.

In United States v. Noveck, 1927, 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610, it was claimed at the trial that the Revenue Act which made it an offense to attempt willfully, in any manner, to defeat or evade the income tax repealed the general perjury statute as applied to income tax returns. The trial court sustained the contention. The case was reversed. Once more Mr. Justice Brandeis wrote the opinion. He said:

"There was confessedly no express repeal; and it is clear that the two sections are not inconsistent. Noveck's contention is that a repeal was effected, because Congress manifested the intention of supplanting the provision of the Criminal Code, in so far as it relates to perjury in income tax returns, by embodying in the Revenue Act all provisions dealing with the various methods of defeating or evading taxes therein imposed. The argument is that section 253 of the Revenue Act includes within its condemnation any one 'who willfully attempts in any manner to defeat or evade the tax imposed by this title'; that perjury to an income tax return is one manner or method of defeating or evading the tax; and that, since all methods are made punishable under section 253, Congress must have intended that perjury in making false returns should no longer be punishable under section 125.

"The conclusion stated does not follow. The offenses defined in the two statutes are not identical. They are entirely

distinct in point of law, even when they arise out of the same transaction or act. Each involves an element not found in the other. Compare Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153. The crime of perjury is complete when the oath is taken with the necessary intent, although the false affidavit is never used. Noah v. United States (C.C.A.) 128 F. 270; Berry v. United States (C.C.A.) 259 F. 203. Compare United States v. Rhodes (C.C.) 30 F. 431, 433. The making of a false affidavit, without presentation thereof, does not constitute an attempt to evade the tax law. See United States v. Rachmil (D.C.) 270 F. 869, 871. The crime of attempting to defeat or evade the Revenue Law may be committed without verification of a false tax return. Emmich v. United States (C.C.A.) 298 F. 5, 10. Congress, having power to make both the false swearing and the use of the false affidavit punishable (Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. [505], did so. Compare United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Kennedy v. United States, 265 U.S. 344, 44 S. Ct. 501, 68 L.Ed. 1045. The fact that perjury is a felony, while filing a false return is only a misdemeanor, presented no obstacle. Compare United States v. Lawrence, 26 Fed.Cas. 878 (No. 15,572). There is nothing in the history of the revenue legislation which should lead us to a different conclusion. Our decision is in accord with the view taken by those circuit courts of appeals which have dealt with the question. Levin v. United States (C.C.A.) 5 F.2d 598, 600; Steinberg v. United States (C.C.A.) 14 F.2d 564." U. S. v. Noveck, 273 U.S. 202, 206, 47 S.Ct. 341, 71 L.Ed. 610.

Among later cases which declare the same principle are: Kitrell v. United States, 10 Cir. 1935, 76 F.2d 333; United States v. Wexler, 2 Cir. 1935, 79 F.2d 526; Fleisher v. United States, 6 Cir. 1937, 91 F.2d 404.

■ I come to the section under which the indictment in this case was drawn,— Section 588b, Title 12 U.S.C.A. The very title of the section shows the aim to punish two different acts. It reads: "Robbery of bank; assault in committing or attempting to commit bank robbery."

This is also evidenced by the division of the section into two clauses defining two different acts and prescribing two different penalties. The first clause is: "(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to or in the care, custody, control, management or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

The elements of the offense under this clause are: (1) Attempt to take from the person or presence of another any property or money, or any other thing of value belonging to or in the care, custody, control, management or possession of the bank, (2) *by force or by putting the person in fear*.

The second clause reads: "(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

Here the Congress was not punishing the same act, robbery, but robbery, the commission of which was accompanied not only by force and violence or by putting a person in fear, but by an assault which put in jeopardy the life of any person *by the use of a dangerous weapon or device*. In other words, here the element necessary is an assault which endangers the life of a person, by the use of a dangerous weapon or device. This is an additional fact, proof of which is not required under subdivision (a). Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Casebeer v. U. S., 10 Cir. 1937, 87 F.2d 668; Bracey v. Zerbst, 10 Cir. 1937, 93 F.2d 8, 9.

The Congress considered this the more serious offense of the two. For it fixed a minimum penalty of five years, below which the court could not go, although leaving the maximum the same as under the first clause.

[6] It is clear that we are dealing here, not with a single statute defining various acts which constitute one crime and are subject to one punishment, under which a prosecutor carves out one or two elements *from one set of circumstances*, thus splitting up one offense into several. We have here two distinct acts, each of which

is defined and punished differently. It is true, they both have one common element, —robbery. But in one the robbery is accompanied simply by force; in the other, it is accompanied by an assault which endangers the life of a person, by the use of a deadly weapon. They call for different proof. So that under the plea of guilty here, the Court would have been justified in imposing a separate sentence on each, and allowing them to run consecutively. The court, in the exercise of its discretion, did impose a sentence on each, but allowed them to run concurrently.

The sentence was valid. And no legal or other reason exists for its modification.

The motion to vacate and modify the sentence will be denied.