**UNITED STATES of America,**
**Plaintiff,**

v.

**Lawrence MEYERS, Sr., Defendant.**
**No. 1592–KB.**

District Court, Alaska
First Division, Ketchikan.
April 14, 1956.

HODGE, District Judge.

Defendant, while a prisoner at the McNeil Island Penitentiary serving sentence in this cause, has filed on his own behalf in forma pauperis a motion to vacate such judgment and sentence or for correction of sentence under the provisions of Sec. 2255, Title 28 U.S. C.A., Act of June 25, 1948, as amended. There are no published decisions of the Alaska courts applying or interpreting this section (although such motions have been filed), and hence the motion presents some novel questions to this Court.

■■ There appears to be no question but that this Act is applicable to the District Court for the District of Alaska, for the reason that the statute expressly gives such remedy to "a prisoner in custody under sentence of a court established by Act of Congress." The purpose of the Act is to provide an expeditious remedy for correcting erroneous sentences without resort to habeas corpus, where injustice is done to the extent of depriving a petitioner of his constitutional rights. In effect it restates, clarifies and simplifies the procedure in the nature of the ancient writ of coram nobis.

Defendant was convicted by verdict of a jury upon nine counts charging contributing to the delinquency of a minor, and was sentenced on November 10, 1952, to one year and one day on each count, the sentences under Counts 1 to 6 to run concurrently and the sentences under Counts 7 to 9 to run consecutively, for a total of four years and four days. The first six counts charged the same offense of molesting a ten year old girl at various times and places. The last three counts charged the same offense at various times and places upon three other minor girls of the ages of twelve, eleven and nine years. No appeal was taken from the judgment, nor any motion for new trial made, although the defendant wrote at considerable length to Judge George W. Folta requesting "reconsideration" of the case and modification of the sentence, all of which letters were appropriately answered. Defendant concedes that at this late date it is doubtful if the errors complained of can be corrected, but nevertheless seeks correction of what he alleges to be an illegal sentence.

■ Several of the points raised in defendant's brief supporting his motion relate to claimed inadequacy of the testimony to support the verdict, the incompetency of certain testimony particularly with relation to the child under ten years of age under the provisions of Sec. 58–6–2, A.C.L.A.1949, and the credibility of witnesses; also prejudicial joinder of nine counts in one indictment, which, like the question of incompetency of a witness, does not appear to have been raised at the trial. A motion under Sec. 2255 may not be used to review trial proceedings, as on appeal, but must show that the judgment is subject to collateral attack for invalidity. Hence these questions cannot be raised by motion to vacate sentence under this statute. Birtch v. United States, 4 Cir., 173 F.2d 316; Taylor v. United States, 4 Cir., 177 F.2d 194; Dennis v. United States, 4 Cir., 177 F.2d 195; Pulliam v. United States, 10 Cir., 178 F.2d 777; United States v. Bowen, D.C., 94 F.Supp. 1006.

In the Pulliam case the Court of Appeals for the Tenth Circuit states the rule as follows [178 F.2d 778]:

"While the nature of the attack is direct, the grounds therefor are limited to matters that may be raised by collateral attack. It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack that a motion to vacate will lie under such section."

Tested by these principles three points raised by the defendant appear worthy of consideration: (1) that the sentence under Count 9 is void and illegal for the reason that the sentence under Count 2 covers the same time, place and circumstance of the offense charged, and hence constitutes but one crime; (2) defendant's counsel failed to meet the requirements of competent counsel in the defense of the action, constituting a violation of his constitutional rights; (3) the sentence was in excess of the maximum of two years provided by statute.

■■ In support of his first contention defendant relies upon the case of Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, holding that a conviction under two counts for violation of the Mann Act, 18 U.S.C.A. § 2421, each referring to a different woman transported on the same trip in the same vehicle, was not valid in the absence of specific provision by Congress making each act a separate offense, upon the principle that defendant committed only a single offense and could not be subjected to cumulative punishment under the two counts. To the same effect see Youst v. United States, 5 Cir., 151 F.2d 666, where the defendant was sentenced twice for the same conspiracy to violate such Act. These cases are clearly distinguishable from the crime of contributing to the delinquency of a child as defined by Sec. 65–9–11, A.C. L.A.1949. The essence of the crime charged in the Bell case was transportation, and in the Youst case conspiracy, constituting one and the same act, whereas the statute here involved contemplates the protection of the individual child.

Count 2 charged the commission of such offense upon one child and Count 9 upon another child, although at the same time and place. These counts charged separate and distinct offenses. It is fundamental that the court may impose separate and cumulative sentences under the same statute for distinct offenses. 15 Am.Jur., Criminal Law, Sec. 451; United States v. Peeke, 3 Cir., 153 F. 166, 12 L.R.A.,N.S., 314; Ex parte Rudy, 7 Alaska 446. The true test is whether or not each offense requires proof of some fact which the others do not. United States v. Noveck, 273 U.S. 202, 206, 47 S.Ct. 341, 71 L.Ed. 610; Dimenza v. Johnston, 9 Cir., 130 F.2d 465. Such was true in this instance.

■ As authority for his second contention, defendant cites the case of

the United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, wherein the Supreme Court held that a motion under Sec. 2255 raised an issue of fact as to the accused not having a competent attorney when representing interests adverse to those of the accused, without his knowledge and consent, holding error of the trial court in determining such factual issue without notice to the defendant. In the case at bar counsel representing the accused was employed by him and not court appointed. Defendant's complaint is in substance that his attorney did not adequately prepare the case for trial nor competently conduct his defense. The showing made by the defendant indeed indicates laxity of such counsel. However, mere allegations of incompetency or inefficiency of counsel are not sufficient to attack the judgment, unless such representation was such as to make the trial a farce and a mockery of justice. United States v. Wight, 2 Cir., 176 F.2d 376. Defendant cannot at this late date set aside the conviction and secure a new trial upon the grounds that the attorney whom he selected did not properly represent him. Alred v. United States, 4 Cir., 177 F.2d 193. If the courts are to be called upon to judge the competency of counsel in every case, proceedings of this nature would be endless. Conceding arguendo that defendant's claims are true, there is no factual issue to be determined which would entitle the prisoner to relief upon this ground.

As to the third contention, I cannot find that it was the intention of the Legislature that the total sentence for violation of the statute in question may not exceed two years. Nor is the fact that the sentence here imposed may have been more excessive than imposed in other cases, though within a two-year limit, an indication of the invalidity of such sentence.

Sec. 2255 provides that the Court shall cause notice of the motion to be served and conduct a hearing thereon, "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief"; and further provides that the Court may entertain and determine such motion without requiring the production of the prisoner at such hearing. Upon examination of the entire record available in this case, I am unable to find that the defendant has presented any sufficient cause entitling him to such relief.

Finally, defendant also contends that the Court may vacate and set aside an illegal sentence at any time, under the provisions of Rule 35, Fed.Rules Crim. Proc., 18 U.S.C.A.; but I find no such illegality in this instance.

The motion to vacate the judgment must therefore be denied.