UNITED STATES of America,
Plaintiff,

v.

Sidney A. BRODSON, Defendant.

Crim. No. 187 U.

United States District Court
E. D. Wisconsin.

Oct. 8, 1957.

---

Edward G. Minor, U. S. Atty., Milwaukee, Wis., by Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for the United States.

John L. Palmer and David E. Beckwith, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This matter is before the court on motion of defendant for a continuance of the trial of this case until the proceedings of Sidney A. Brodson v. Commissioner of Internal Revenue, Docket No. 39317 and Sidney A. Brodson and Marion Brodson v. Commissioner of Internal Revenue, Docket No. 39318, now pending before the Tax Court of the United States are heard and determined on their

merits, the motion of the Government opposing the granting of a continuance as requested and for setting an earlier trial in this action. There are also two other motions which will be referred to subsequently.

The background which forms the basis of these motions is set forth in a previous opinion of this court in this case, 136 F.Supp. 158, the decision of the Court of Appeals, 7 Cir., 234 F.2d 97, the unprinted separate opinions of the Court of Appeals written by Chief Judge Duffy, Circuit Judges Major and Schnackenberg, not printed because rehearing was granted *En Banc,* and the opinion of the Court of Appeals, 7 Cir., 241 F.2d 107, reversing the decision of this court, on rehearing *En Banc.*

It is the contention of the defendant that the Government, through its jeopardy assessments and through its failure to permit the defendant to go to trial in the civil cases before the tax court so that there can be a determination made as to whether the defendant actually owns, or whether the Government is entitled to, the assets which were taken from the defendant in the jeopardy assessments, has deprived the defendant of the means to defend himself in this action, it being a net-worth tax case where the services of accountants, as well as counsel, are necessary. In response, the Government urges that it is its policy to require criminal cases involving tax liability to be tried before civil cases.

 This court cannot pass upon the desirability of that Government policy. It is the duty of this court to see that the defendant has a fair trial. Where the enforcement of the Government policy would deprive the defendant of a fair trial, it is the duty of the court to give precedence to the right of the defendant to have a fair trial over and above the Government policy. In this particular situation, the freezing of the defendant's assets is, in the opinion of the court, prejudicial to the defendant and might probably deprive him of a fair trial. If the Government establishes that the assets were properly seized, that the defendant owes the money, then the defendant is in a position created by his own acts or omissions. If, on the other hand, the defendant does not owe the money which the Government has seized, then the defendant should have the use of these assets to protect himself in this case. He should have the opportunity of a determination of that civil liability so that if he is not liable up to the extent of the seized assets, those assets may be released and he may use them in the preparation and defense of this case.

The representations on the various oral arguments show that there are witnesses widely separated geographically and at remote distances from Milwaukee. Defendant claims that in order to properly prepare for trial, these witnesses should be interviewed. That expense plus the expense of accountants, taken in the light of the estimates that it would take six to eight weeks to try this case, present an unusual situation and one in which the court feels the defendant is entitled to relief, namely, to have a determination as to whether he, in fact, is indebted to the Government to the extent of the assets seized.

 The Government speaks of defendant's right to the speedy trial under the Sixth Amendment. Here, the defendant is the one asking for delay, for the reasons above set forth, in order that the civil liability can be first determined to the end that if he does not owe these large amounts, he can use the money in his defense. The right to a speedy trial is a right of the defendant. The Government points out that defendant will need an accountant in the trial of the civil case. Here, again, that is a matter for the defendant's determination. If the defendant wants to proceed with the civil case, the Government cannot be thereby prejudiced.

The Government cites O'Brien v. United States, 7 Cir., 51 F.2d 193. A reading of the opinion in that case indicates that

the facts are not at all comparable to the present situation.

The Government suggests that the defendant can obtain the services of an accountant under Rule 17(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., but defendant points out that it would be impossible for defendant to make an affidavit with reference to the testimony of such proposed witness (accountant) before the witness (accountant) had had the opportunity of studying the records. The court does not believe that Rule 17(b) was intended to cover this situation.

For the reasons above set forth, and in order that defendant may have the opportunity of having his liability in the civil case determined, to the end that if he does not owe as much as the Government has seized of his assets, they may be released to him for use in his defense on this charge.

Defendant's motion is granted upon the following terms:

(a) The Government will have reasonable opportunity to join the defendant in pressing the tax court for a *prompt* trial in the civil case.

(b) If the defendant obstructs or in any way delays the trial of the civil case, this action will be put on for trial.

(c) The defendant having requested this delay will not be heard to claim that the delay he requested has deprived him of his constitutional rights to a speedy trial. This is conditioned upon the Government's *prompt* and sincere effort to get the civil action on for trial promptly.

Defendant has made a motion for discovery and inspection pursuant to Rule 16, and a separate motion for production and inspection of evidence pursuant to subpoena served under Rule 17 (c). In the light of the foregoing, these motions, and each of them are hereby denied without prejudice. The court does not believe that Rules 16 and 17(c) of the Federal Rules of Criminal Procedure should be used as a means for discovery in connection with the case pending before the tax court.